**Robert LANE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 27, 1963.

**17**

witness that support for the child by him was neither desired nor needed.

Under the peculiar circumstances of this case, it is our opinion that as a matter of law the evidence failed to support the charge that, at the time of the return of the indictment, appellant had *unreasonably* neglected to furnish such support.

The judgment is reversed.

———◆———

Wix Unthank, Harlan, for appellant.

John B. Breckinridge, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, Daniel Boone Smith, Commonwealth's Atty., Harlan, for appellee.

CLAY, Commissioner.

Appellant was convicted under KRS 405.-030 of unreasonably neglecting to support his infant child when he was tried in absentia.

■ On this appeal he first contends he was entitled to a continuance. While the unusual circumstances would certainly have justified a continuance, we do not find the trial court abused its discretion.

■ Appellant further contends the Commonwealth failed to prove the commission of this crime. The facts are as follows. A divorce proceeding was pending between the parties when the infant involved was born. Appellant paid the hospital bill but did not contribute to the child's support. However, in a deposition taken in the divorce action about two months before the indictment, the prosecuting witness, the mother of the child, had testified that she did not want any alimony or support for said infant from the defendant. After the returning of the indictment, the mother changed her mind about this, but at the time appellant was charged with this crime he had been led to believe by the prosecuting